UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANUEL RODRIGUEZ, | Civil Action No. 16-8860 (SDW) |
| Plaintiff, | |
| v. | OPINION |
| JOSEPH A. FERRANTE, | |
| Defendants. | |

**WIGENTON**, District Judge:

Presently before the Court is the complaint of Plaintiff, Manuel Rodriguez. (ECF No. 1). Also before this Court are Plaintiff's latest application to proceed *in forma pauperis* and to reopen this case (ECF No. 7) and his motion for the appointment of pro bono counsel. (ECF No. 6). As Plaintiff has now established that leave to proceed *in forma pauperis* is warranted in this matter, this Court will grant Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7). Because this Court is granting that application, however, this Court is required to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's federal claims with prejudice and will decline to exercise supplemental jurisdiction over his state law legal malpractice claims. Because all of Plaintiff's claims over which this Court has jurisdiction are being dismissed, this Court will in turn deny Plaintiff's motion for the appointment of counsel.

1

**I. BACKGROUND**

Plaintiff, Manuel Rodriguez, was arrested in November 2013 on charges of attempted murder, conspiracy to commit murder, various weapons charges, aggravated assault and conspiracy to commit aggravated assault. (ECF No. 1 at 2). Plaintiff thereafter hired Defendant, Joseph Ferrante, to defend him. According to Plaintiff, Ferrante "failed to prepare[]" for pre-trial appearances, and later abandoned Plaintiff by requesting to be relieved as counsel in June 2015.[1] (*Id.* at 3-4). Plaintiff contends that Ferrante's alleged failures amount to legal malpractice, and in turn violated various of his constitutional rights.

**II. DISCUSSION**

**A. Legal Standard**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

---

[1] According to documents Plaintiff attaches to his complaint, Ferrante withdrew as counsel because an insurmountable conflict had arisen out of Ferrante's representation of an individual whose co-defendant in another matter was Petitioner's alleged victim. (*See* Document 2 attached to ECF No. 1 at 4-5).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff, in his complaint, seeks to raise claims against a private attorney, Joseph Ferrante, for alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of*

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Here, Plaintiff attempts to assert that Ferrante committed legal malpractice in representing him in his criminal matter, and in so doing denied Plaintiff the benefit of his rights to due process and the effective assistance of counsel.

The inherent problem in Plaintiff's federal civil rights claims, however, is the fact that Mr. Ferrante is a private attorney hired by Plaintiff. He does not appear to have been a state actor, and all of his alleged failings occurred in the course of acting as Plaintiff's criminal defense attorney. Even if Mr. Ferrante had been a court-appointed lawyer or was acting as a public defender, Plaintiff's claims would fail to state a claim for relief under § 1983 because private defense attorneys, "public defenders[,] and court-appointed counsel acting within the scope of their professional duties are absolutely immune from civil liability under § 1983." *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (quoting *Black v. Bayer*, 672 F.2d 309, 320 (3d Cir. 1982), *abrogated on other grounds by D.R. v. Middle Bucks Area Voc. Tech. Sch.*, 972 F.2d 1364, 1368 n. 7 (3d Cir. 1992)). This immunity arises from the fact that defense attorneys, even those paid by the state as public defenders or state assigned counsel, do "not act under color of state law when performing a lawyer's traditional functions." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Because all of Plaintiff's claims are based on Ferrante's actions or failures to act as Plaintiff's criminal defense attorney, Ferrante was not acting under color of state law in representing Plaintiff, and is therefore absolutely immune from liability under § 1983. Plaintiff's

4

federal civil rights claims against Ferrante, the sole Defendant in this matter, must therefore be dismissed with prejudice.

The only claim in Plaintiff's complaint that does not arise out of § 1983 is Plaintiff's state law claim for legal malpractice. That claim, however, is not a claim over which this Court has original jurisdiction. *See, e.g., Gunn v. Minton*, --- U.S. ---, ---, 133 S. Ct. 1059, 1064-65 (2013) (legal malpractice claims arise out of state law, and will only be subject to original jurisdiction in the federal courts where they actually and necessarily raise a substantial and disputed federal issue). As this Court has dismissed with prejudice all of Plaintiff's claims over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law legal malpractice claims. *See* 28 U.S.C. § 1367(c)(3). Plaintiff's complaint shall therefore be dismissed in its entirety. Finally, because Plaintiff's complaint is being dismissed in its entirety, Plaintiff's motion for the appointment of counsel must in turn be denied as moot.

**III. CONCLUSION**

For the reasons stated above, this Court will grant Plaintiff's application to proceed *in forma pauperis* and to reopen this matter (ECF No. 7), will dismiss Plaintiff's complaint (ECF No. 1) in its entirety and will deny Plaintiff's motion for the appointment of counsel (ECF No. 6) as moot. An appropriate order follows.

Dated: January 6, 2017　　　　　　　　　　*s/ Susan D. Wigenton*
　　　　　　　　　　　　　　　　　　　　Hon. Susan D. Wigenton,
　　　　　　　　　　　　　　　　　　　　United States District Judge